

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JAVIER ARELLANO QUINONES,<br><br>Appellant,<br><br>v.<br><br>THE STATE OF TEXAS,<br><br>Appellee. | §<br>§<br>§<br>§<br>§<br>§<br>§ | No. 08-21-00052-CR<br><br>Appeal from the<br><br>346th District Court<br><br>of El Paso County, Texas<br><br>(TC# 20160D01014-346-1) |

## <u>MEMORANDUM OPINION</u>

Appellant Javier Arellano Quinones is attempting to appeal his conviction. We dismiss for want of jurisdiction.

A timely notice of appeal is necessary to invoke this Court's jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). In a criminal case, a defendant's notice of appeal is due within thirty days after the day sentence is imposed in open court, or ninety days after the sentence is imposed in open court if the defendant timely files a motion for new trial. *See* TEX.R.APP.P. 26.2(a)(1), (2). While a court of appeals may extend the time to file the notice of appeal, both the notice of appeal and the extension motion must be filed within fifteen days after the deadline for filing the notice of appeal. *See* TEX.R.APP.P. 26.3. In the absence of a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal

in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).

The Texas Court of Criminal Appeals may grant a defendant the right to pursue an out-of-time appeal as a form of habeas corpus relief in felony cases. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex.Crim.App. 1991) (orig. proceeding) (explaining that writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure governs out-of-time appeals from felony convictions). Quinones previously filed a habeas petition with the Texas Court of Criminal Appeals requesting an out-of-time appeal. The Texas Court of Criminal Appeals remanded the application to the convicting trial court for findings of fact and a recommendation. Although the convicting trial court recommended that Quinones' habeas application should be granted, the Texas Court of Criminal Appeals denied Quinones' request for an out-of-time appeal in February 2019, holding that Quinones was "estopped from claiming that trial counsel was ineffective given that Applicant refused to speak to counsel after he was sentenced." *See Ex parte Arellano Quinones*, No. WR-88,930-01, 2019 WL 962403, at *1 (Tex.Crim.App. Feb. 13, 2019) (not designated for publication).

Because the time to file a notice of appeal from the October 27, 2017, judgment of conviction has expired, and because the Texas Court of Criminal Appeals has denied Quinones' leave to pursue an out-of-time appeal, this Court lacks jurisdiction over Quinones' attempted appeal.

This attempted appeal is hereby dismissed.

April 28, 2021                                   GINA M. PALAFOX, Justice

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Do Not Publish)

2